*Williams v. Vista on 5th*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

Robert Williams,

       *Plaintiff-Appellant*,

    v.                                                   24-2162

Vista on 5th, doing business as
Lott Assisted Residence,

       *Defendant-Appellee*,

_____

FOR PLAINTIFF-APPELLANT:            Robert Williams, pro se, Bronx, NY.

FOR DEFENDANT-APPELLEE:             Dianna D. McCarthy, William O. Doheny, Kaufman Borgeest & Ryan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Subramanian, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Robert Williams, proceeding pro se, appeals the dismissal of his complaint against his former employer Vista on 5th ("Vista"). In 2022, Williams filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that Vista had engaged in discriminatory and retaliatory practices. The NYSDHR found that there was not "sufficient evidence to establish inference of discrimination based on age or … discrimination/retaliation." Supp. App'x at 42. Williams then brought an Article 78 proceeding in New York County Supreme Court, which denied his petition and upheld the NYSDHR's finding. *Id.* at 132.

Williams then filed suit in federal court under the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Vista moved to dismiss the complaint as barred by claim and/or issue preclusion. The district court granted the motion on issue preclusion grounds. *Williams v. Vista on 5th*, No. 23-CV-10477, 2024 WL 3728074 at *2–4 (S.D.N.Y. Aug. 8, 2024). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review a district court's ruling on issue preclusion de novo, affording state court judgments the same preclusive effect those judgments would have in the courts of the rendering state under the Full Faith and Credit Act, 28 U.S.C. § 1738." *Watley v. Dep't of Child. & Fams.*, 991 F.3d 418, 425 (2d Cir. 2021) (internal quotation marks omitted). Here, New York state law governs. *See id.*; *see also McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007). "Under New York

law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (internal quotation marks omitted).

We conclude that the district court properly dismissed Williams's complaint as barred by issue preclusion.[1] First, the district court correctly found that the issues here were "actually and necessarily decided" in the Article 78 proceeding. *See Hoblock*, 422 F.3d at 94. Williams brings discrimination and retaliation claims under the ADEA, the NYSHRL, and the NYCHRL, based on allegations identical to those raised in his NYSDHR complaint. The NYSDHR determined that there was "no probable cause" that Vista engaged in the alleged discriminatory practices. And the state court confirmed that finding as "rational[ly] based on the evidence presented, and thus not arbitrary and capricious." Supp. App'x at 132. The issues presented here—*i.e.*, whether there was any evidence of age discrimination or retaliation based on Williams's request for a corrected schedule—are necessarily decided. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982) ("[I]t is undebatable that petitioner is at least estopped from relitigating the issue of employment discrimination arising from the same events.").

Second, the district court correctly concluded that Williams "had a full and fair opportunity to litigate the issue" in the state proceedings. *See Hoblock*, 422 F.3d at 94. To the extent Williams argues that the Article 78 proceeding did not satisfy the Due Process Clause, we disagree. The Supreme Court has approved of the NYSHRL's procedures, concluding that the "panoply of

---

[1] Relying on *Whitfield v. City of New York*, 96 F.4th 504, 525–26 (2d Cir. 2024), Williams argues that his initial action was a "pure" Article 78 proceeding and is thus not preclusive. Appellant's Br. at 9–14. But *Whitfield* explicitly declined to address issue preclusion. 96 F.4th at 523 n.16 ("We do not address issue preclusion here.").

3

procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause." *Kremer*, 456 U.S. at 484. Williams did not suggest that those procedures were disregarded, and there is no evidence in the record to suggest they were.

Williams contends that the absence of a hearing before an administrative law judge "to render a denial of the underlying facts" denied him a full and fair opportunity to litigate. Appellant's Br. at 15. But this argument is also unavailing. Under New York law, the NYSDHR must conduct a hearing to determine the merits of a complaint where an investigation discloses probable cause and where conciliation efforts fail. N.Y. Exec. Law § 297(4)(a). Here, the NYSDHR determined there was no probable cause and thus was not required to hold a hearing.

*       *       *

We have considered Williams's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4